United States District Court
Southern District of Texas
**ENTERED**
March 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN KEITH ROLLINS, SPN #01448348, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3374 |
| JOSHUA B. WILSON, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Martin Keith Rollins (SPN #01448348), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning his arrest and imprisonment on criminal charges that were filed against him in state court. Because Rollins is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Rollins alleges that on or about August 4, 2022, he was at the Shopping Plaza on FM 1960 and Veterans Memorial Drive in Houston, Texas, when he was approached by Joshua B. Wilson, who was working as a security guard.[1] Wilson, who was accompanied by two Harris County constables, told Rollins that he would have to leave the premises.[2] Wilson also told Rollins, who was apparently homeless, to take down a hammock that he had set up in an area adjacent to the Shopping Plaza.[3] Rollins states that he packed his things and was leaving on his bicycle when Wilson struck him with his patrol car.[4] Rollins was then arrested by the constables and charged with assaulting Wilson with a deadly weapon.[5]

Invoking 42 U.S.C. § 1983, Rollins sues Wilson and the two John Doe constables who arrested him.[6] Rollins seeks monetary damages for injuries he sustained from the force used by Wilson and

---

[1] Complaint, Docket Entry No. 1, pp. 4, 6. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] Id. at 6.

[3] Id.

[4] Id.

[5] Id. at 7.

[6] Id. at 3-4.

for false imprisonment.[7]

## II. Discussion

Public records from the Harris County District Clerk's Office reflect that Rollins was charged with aggravated assault on Wilson, who Rollins knew to be a security officer, while using or exhibiting a deadly weapon during the commission of the offense.[8] Those records show that Rollins was convicted pursuant to his guilty plea to the reduced charge of deadly conduct on December 13, 2022, and sentenced to one year in county jail by the 263rd District Court of Harris County, Texas.[9]

Rollins's claim for monetary damages stemming from the arrest that led to his conviction is precluded by the rule in Heck v. Humphrey, 114 S. Ct. 2364 (1994). Under this rule a civil rights plaintiff cannot recover money damages based on allegations of

---

[7] Id. at 4.

[8] See Indictment in Case No. 178140501010, available from the Harris County District Clerk's Office at: https://www.hcdistrictclerk.com (last visited March 14, 2023). "[A] district court may properly take judicial notice of public state court records." Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 893 (5th Cir. 2020) (per curiam); see also Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

[9] See Judgment of Conviction by Court - Waiver of Jury Trial in Case No. 178140501010, available from the Harris County District Clerk's Office at: https://www.hcdistrictclerk.com (last visited March 14, 2023).

"unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck, 114 S. Ct. at 2372.

Rollins's allegations against the defendants implicate the validity of the aggravated assault charges that were filed against him and his subsequent conviction for the reduced charge of deadly conduct.[10] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that an excessive-force claim was barred by Heck where plaintiff's version of events was inconsistent with, and not separable from, the facts underlying his conviction). Because there is no indication that the conviction has been set aside, Rollins's claim against Wilson and the arresting officers is

---

[10] In Texas, a person commits the offense of aggravated assault if, while using or exhibiting a deadly weapon, he (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. See Tex. Penal Code Ann. §§ 22.01(a), 22.02(a). A person commits the offense of deadly conduct if he "recklessly engages in conduct that places another in imminent danger of serious bodily injury" or discharges a firearm at or in the direction of one or more individuals or a habitation, building, or vehicle. See Tex. Penal Code Ann. § 22.05(a)-(b).

-4-

barred from consideration and will be dismissed with prejudice to being asserted again until after the conditions described in Heck are met. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (observing that this kind of dismissal "do[es] not preclude a later claim meeting the preconditions for suit" outlined in Heck); see also Cook v. City of Tyler, Texas, 974 F.3d 537, 539 (5th Cir. 2020).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Martin Keith Rollins (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 15th day of March, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE